### McNULTY v. WIESEN et al.

(District Court, E. D. Pennsylvania. January 2, 1908.)

#### No. 2.

EQUITY—REPORT OF MASTER—EXCEPTIONS—PRESUMPTIONS.

On exceptions to a master's report denying relief in an action by a bankrupt's trustee to recover certain book accounts alleged to have been transferred in fraud of creditors, such report must be taken to be prima facie correct.

Exceptions to Master's Report.

Edmund B. Seymour, Jr., and Greenwald & Mayer, for complainant.
Julius C. Levi, for respondents.

J. B. McPHERSON, District Judge. An involuntary petition in bankruptcy was filed against Wiesen Bros. on October 6, 1903, followed by an adjudication on October 27th, and the appointment of a trustee in due course. In May, 1904, the trustee filed this bill in equity to compel the respondents to account for money received by them under circumstances that are thus set forth in the bill of complaint:

"(5) That on or about the 15th day of September, 1903, the said firm of Wiesen Bros. did assign or transfer to the said firm of Wiesen, Ingber & Wertheimer book accounts payable to the said firm of Wiesen Bros. to the amount of and in the sum of $16,661.81.

"(6) That Elias Wiesen, one of the bankrupts aforesaid, has testified before the referee in the case of Wiesen Bros., that he knew between the 15th and 20th days of September, 1903, that the firm of Wiesen Bros. was in failing circumstances.

"(7) That Morris Wiesen, a partner in the said firm of Wiesen, Ingber & Wertheimer, is a brother of Leon Wiesen and the others forming the firm of Wiesen Bros. aforesaid.

"(8) That said transfer or assignment of book accounts to the value of $16,-661.81 was made within four months next preceding the 6th day of October, 1903, with intent to delay, hinder, and defraud the creditors of the said Wiesen Bros.

"(9) That your orator is informed and believes that the transfer aforesaid was not made for a present fair consideration, in that no money was paid for said transfer, nor were goods or merchandise given in exchange therefor."

To these averments the following answer was made:

"In answer to the averments of the fifth paragraph of complainant's bill, we say that between the 17th and 29th days of September, 1903, by a series of assignments. duly executed, the said firm of Wiesen Bros. did sell, assign, transfer, and set over unto the respondents all their right, title, and interest of, in, and to a number of book accounts to the amount of and in the sum of $16,634.95, for which the said respondents paid the said firm of Wiesen Bros. the sum of $12,100 therefor.

"In answer to the sixth paragraph of complainants' bill, we would state that we are in ignorance of the facts set forth therein; but, if it be material to the issue, we pray that the complainants may be put to proof of the same.

"We admit the facts contained in paragraph 7 of complainants' bill.

"We deny the facts contained in the eighth paragraph of complainants' bill, to wit, that the transfer or assignment of the book accounts to the value of $16,661.81, as alleged in said paragraph, was made within four months next preceding the 6th day of October, 1903, with intent to delay, hinder, and defraud the creditors of the said Wiesen Bros. On the contrary, the respondents aver in answer thereto that the purchase of the said book accounts was made by the respondents from the firm of Wiesen Bros. for a present fair consideration without any intent or thought on the part of the said respondents to delay, hinder, and defraud the creditors of the said firm of Wiesen Bros. or any of them, and that we are the present holders of said book accounts for a good and valuable consideration without notice of any defect of title.

"We further deny that the transfer of the aforesaid book accounts of Wiesen Bros. was not made for a present fair consideration, in that no money was paid for said transfer, nor were goods or merchandise given in exchange therefor, but we aver that there was paid for the said book accounts by us the sum of $12,100 in cash, which was a full, fair, present, and adequate consideration for the purchase of the said book accounts."

After replication, the issues thus raised were referred to a master, who took a large amount of testimony and reported in favor of the respondents, recommending that the bill be dismissed.

It will be observed that the questions for determination are purely questions of fact. It is not sought to set aside the transaction as a preference, but the ground of the bill is distinctly stated to be a transfer of property with intent to delay, hinder, and defraud the other creditors of the bankrupts. This intent is positively denied, and the respondents aver that the sale was made in good faith, and for a full, fair, present, and adequate consideration. In support of these conflicting averments, the testimony of witnesses was heard by the master, and, as already stated, he has come to the conclusion that the charge of fraud has not been established. I have read and considered all the evidence offered by the parties; and, while I think it must be admitted that the transaction was somewhat out of the usual course, I am unable to say that the master has erred in his important findings of fact. Assuming their correctness—and they must be taken prima facie to be correct—it follows that the bill must be dismissed.

A decree may be entered to that effect.